(Pleito No. 218.—Fallado el 27 de Octubre de 1902.)

## LANGE contra AVILÊS.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—RECONOCIMIENTO DE HIJOS NATURALES. El reconocimiento del padre para que el hijo sea tenido como natural no es necesario que sea expreso, bastando simplemente el reconocimiento tácito, siempre que pueda ser acreditado.

2.—PRESUNCIÓN "JURIS TANTUM". Cuando la querellante plantea en la demanda su aptitud legal para contraer matrimonio, así como la aptitud de la otra parte, y ésta no la impugna en el escrito de contestación á dicha demanda, entonces existe á favor de los menores la presunción legal "juris tantum" de pertenecer á la clase de hijos naturales, aún sin justificar el estado civil de los padres.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á los veinte y siete días del mes de Octubre del año de mil novecientos dos, en el pleito seguido en el Tribunal de Distrito de Mayagüez por Doña Margarita Avilés y Padilla contra la Sucesión de Don Ulises Lange y Drouet, sobre reconocimiento de hijos naturales, pendiente ante Nos en virtud del recurso de casación por infracción de ley, interpuesto por la sucesión demandada, dirigida por el Letrado Don Herminio Díaz Navarro, y representada después en el acto de la vista por el de la misma clase Don Jacinto Texidor y Alcalá del Olmo, no habiendo comparecido en este Tribunal Supremo la parte recurrida.—Resultando: Que en primero de Septiembre del año de mil novecientos el abogado Don Antonio Manrique de Lara, á voz y nombre de Doña Margarita Avilés Padilla, interpuso ante el Tribunal de Distrito de Mayagüez la demanda origen de este pleito, contra la sucesión de Don Ulises Lange y Drouet, para que se declararan hijos naturales del difunto Don Ulises, procreados en unión de la demandante, á los menores Antonia, Luis y Julio; exponiendo que siendo muy joven la demandante Doña Margarita, la había seducido bajo promesa formal de matrimonio

el Don Ulises Lange y Drouet, sacándola de la casa de sus padres y llevándola á vivir bajo el mismo techo, en el que la tuvo como mujer propia, procreando en ella tres hijos nombrados Antonia, de catorce años á la fecha de la demanda; Luis, de once, y Julio, de ocho; que el Don Ulises había resuelto casarse con la demandante; pero que en eso lo sorprendió la muerte, quedando sin llevar á efecto su proyectado matrimonio; que la sucesión del Don Ulises Lange la componían sus legítimos hijos Don Rafael, Doña Dolores y Doña Carmen, esta última menor de edad, los cuales pasaban á la demandante una pensión semanal de tres pesos que recientemente le habían retirado, contraviniendo así á la voluntad de su progenitor, que les comunicara privadamente, para el sostenimiento de la demandante y sus hijos con sus otros recursos; que con arreglo al artículo 137 del Código Civil, las acciones para el reconocimiento de los hijos naturales sólo podrán ejercitarse en vida de los presuntos padres, salvo entre otros casos, cuando el padre ó la madre hubieren fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir su acción antes de que transcurran los primeros cuatro años de su mayor edad; que la prueba del reconocimiento del hijo natural por parte de su padre está sujeta á los medios que reconoce el derecho, siendo uno de ellos el de testigos, debiendo los Tribunales apreciar la fuerza probatoria de sus declaraciones conforme á las reglas de la sana crítica, teniendo en cuenta la razón de ciencia que hubieren dado y las circunstancias que en ellos concurran, según sentencia del Tribunal Supremo de España, de diez de Noviembre de mil ochocientos ochenta y seis; que según el artículo 119 del Código Civil, son hijos naturales "los nacidos fuera de matrimonio de padres que al tiempo de la concepción de aquéllos pudieran casarse sin dispensa ó con ella," y que la demandante Doña Margarita y Don Ulises Lange, estaban en aptitud legal de casarse al tiempo de la concepción de sus hijos.—Resultando: Que conferido traslado de la demanda á la sucesión demandada, lo evacuó ésta bajo la dirección

del abogado Don Luis Campillo Abrahams, oponiéndose y
alegando la falta de personalidad de la demandante, que
comparecía en su propio nombre y no en representación de
los menores, y que ni siquiera acreditaba que éstos fueran
hijos suyos; y en cuanto al fondo, que Margarita Avilés,
siendo muy niña, allá por el año mil ochocientos ochenta,
había ido á vivir á la hacienda "Rosa" en compañía de su
padre y de dos hermanos más en solicitud de arrimo para
trabajar en las faenas agrícolas del fundo; que necesitando
Doña Micaela Miranda, esposa del Don Ulises y madre de
los demandados, una muchacha para el cuído de los niños,
recogió á la Margarita con ese objeto, continuando en la
casa con la misma ocupación á la muerte de aquella señora,
por cuyo motivo, tanto el Don Ulises como los demás indivi-
duos de la familia, le demostraban más cariño que á las
demás sirvientas de la casa; que corriendo el tiempo y
viviendo la demandante en la hacienda, pero en una casa
separada de la principal, había tenido dos ó tres hijos, lo
que, por los motivos expresados, le había tolerado el Don
Ulises, como lo había hecho con otras sirvientas en las
mismas circunstancias; que jamás habían oído decir á Don
Ulises que los hijos de la Margarita Avilés fueran hijos
suyos, y según informes que habían tomado, no era cierta la
paternidad que se le atribuía y pretendía dicha señora; que
no es cierto que Don Ulises Lange dispusiera que se le
pasara pensión alguna á la demandante ni los demandados
se la habían pasado jamás; que el padre está obligado á
reconocer al hijo sólo en los casos del artículo 135 del Código
Civil; que las acciones para el reconocimiento de los hijos
naturales, sólo podrán ejercitarse en vida de los presuntos
padres, y si el padre ó la madre hubieran fallecido, durante
la menor edad del hijo, sólo "éste" podrá deducir la acción
antes de que transcurran los cuatro años primeros de su
mayor edad; que con arreglo al artículo 2 de la Ley de
Enjuiciamiento Civil, sólo pueden comparecer en juicio los
que estén en el pleno ejercicio de sus derechos civiles y por

los que no lo estén comparecerán sus representantes legítimos ó los que deban suplir su capacidad con arreglo á las leyes, y que en el caso de que se trata, sólo los menores que se titulan hijos de Don Ulises Lange serían los llamados á deducir la acción para su reconocimiento, á tenor de lo dispuesto en los artículos 137, 154 y 155 del Código Civil, compareciendo en su nombre la madre ó su tutor, y en este juicio no había comparecido Doña Margarita Avilés invocando la representación de sus hijos, por cuyos fundamentos concluyó solicitando se declarara con lugar la excepción de falta de personalidad que había propuesto, y que, cuando esto no fuera procedente, se declarara sin lugar la demanda, absolviendo de ella á los demandados, con las costas de ambos casos á Doña Margarita Avilés.—Resultando: Que recibido el pleito á pruebas y admitidas las propuestas por ambas partes, se trajeron, á solicitud de la actora, un testimonio de las declaraciones prestadas por los testigos Don Adolfo Robert, Don Federico Basora y el Doctor Don Nicolás Giménez Nussa, en las diligencias instruídas en el Tribunal del Distrito de Mayagüez, para la declaratoria de herederos de Don Ulises Lange y Drouet, de las que resulta que dichos testigos declararon constarles que Don Ulises Lange había fallecido intestado, dejando como hijos legítimos á los que se mencionaban en el escrito promoviendo el expediente, pero haciendo presente que dicho Don Ulises tenía otros hijos naturales; y las certificaciones de las actas de nacimiento de los menores Julio, Antonia y Luis Paulino Avilés, de las que resulta que el primero había nacido en Mayagüez en siete de Enero de mil ochocientos noventa y tres, y fué presentado al Registro por Santiago Avilés, su abuelo, que declaró era hijo ilegítimo de Margarita Avilés, natural de Cabo Rojo, y de estado soltera, y nieto por la línea materna del declarante y de Dionisia Padilla; y los otros dos menores que nacieron, la primera en diez de Junio de mil ochocientos noventa y seis y el segundo en veinte y siete de Julio de mil ochocientos

ochenta y nueve, ambos en la misma Ciudad de Mayagüez,
y fueron presentados al Registro por su madre Margarita
Avilés, la que manifestó que eran hijos ilegítimos de la
declarante.—Resultando : Que en el acto del juicio oral
declararon los testigos presentados por la demandante Don
Federico Basora y Rafat, que había declarado en el expe-
diente que se promoviera sobre declaratoria de herederos de
Don Ulises Lange, ratificándose en las declaraciones presta-
das en aquel expediente ; que sabía que los niños de Doña
Margarita eran hijos de Don Ulises; que éste varias veces le
había hablado de arreglar el casamiento civil ; que todos
vivían en la casa y el público los consideraba como hijos
de Don Ulises y Doña Margarita ; que dichos hijos se
llamaban, la una Antonia, el otro Paulino y el tercero
no lo recordaba ; que el Don Ulises era viudo y la Doña
Margarita soltera, y que tenía íntimas relaciones de amistad
con ambas partes ; rectificando luego á preguntas de la
Presidencia, que sólo lo unían ligeras relaciones de amistad
con los demandantes.—Don Adolfo Robert, que se ratificaba
también en la declaración prestada en el intestado de
Don Ulises Lange, añadiendo que Don Ulises tenía además
tres hijos naturales ; que tenía tratos íntimos con Don
Ulises ; que éste trataba á aquéllos como hijos y éstos á Don
Ulises como padre ; que Doña Margarita era considerada
como mujer de Don Ulises, quien la llevaba, lo mismo
que á sus hijos, á los actos públicos ; que tenía íntima
amistad con las partes, y que los hijos de la demandante
se llamaban, la mayor, Antonia, el otro Paulino y el tercero
no lo recordaba.—Don Manuel Mª Sama, que tenía íntima
amistad con Don Ulises y no tenía interés con ninguna
de las partes ; que Don Ulises ténía bastante confianza
con el testigo y varias veces le había dicho que tenía varios
hijos con Doña Margarita ; que ésta tenía una libreta en la
Caja de Ahorros, lo propio que sus hijos, y que para sacar su
importe, Don Ulises presentó un escrito firmado por dos
testigos, en el que, á nombre de Doña Margarita, firmaba

dicho escrito; aclarando además, á preguntas de la Presidencia, que no conocía á los hijos de Doña Margarita, y á ésta había venido á conocerla cuando acudió á la Caja de Ahorros; que tampoco estuvo en la casa donde vivía Don Ulises y que Doña Margarita, era soltera y no le constaba el estado de aquél.—Don Julio Pontiles y Martínez, que Don Ulises vivía en la misma casa que Doña Margarita, que los hijos de ésta eran considerados como de ambos y que los niños venían con frecuencia á la casa que Don Ulises tenía en la población. Don Sandalio Delgado y Carbonell, que tenía ligera amistad con la sucesión Lange y con Margarita Avilés; que Don Ulises tenía unos hijos naturales á los que consideraba como tales en público; que éstos venían con frecuencia á la casa de la población, donde Don Ulises vivía con una hermana; que Don Ulises era viudo y Doña Margarita soltera; que había estado varias veces de visita en la casa de Don Ulises; que sólo por presunciones le constaba la amistad que existía entre Don Ulises y Doña Margarita, los cuales vivían juntos en la casa de la finca y que en ella vió á unos niños á los que Don Ulises presentaba como hijos suyos; no recordando que éstos dieran á aquél el nombre de padre. Don Federico Leo, que sólo de oídas le constaba que Don Ulises tenía unos hijos naturales, no pudiendo asegurar que fuera cierto el dicho; declarando también José Ramón Cesani y Juan Cancio Bayron, testigos de la prueba de los demandados, que Doña Margarita, estando en la Hacienda de Don Ulises Lange, tuvo unos hijos que no pueden decir lo fueran también de Don Ulises, pero que ambos vivían en concubinato; y el segundo, que Margarita era criada de la casa de Don Ulises, y que en ella tuvo unos hijos que llamaban "papá" á Don Ulises.—Resultando: Que desestimada previamente la excepción dilatoria de falta de personalidad de la demandante, propuesta por la sucesión demandada, y terminado el juicio oral, se dictó sentencia por el Tribunal del Distrito de Mayagüez, en veinte y seis de Abril del año próximo pasado, por la que se declaró con lugar la demanda

establecida por Doña Margarita Avilés, en cuanto á los hijos de ésta, nombrados Antonia y Paulina y sin lugar respecto del otro menor Julio Julián, sin especial condenación de costas.—Resultando : Que contra esta sentencia se interpuso por la representación de los demandados recurso de casación por quebrantamiento de forma y simultáneamente por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, sustanciado y declarado sin lugar el primero de dichos recursos, se entregaron los autos al abogado defensor de la parte recurrente para formalizar el de infracción de ley, como así lo verificó, fundándolo en los números 1º, y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y alegando como motivos del recurso los siguientes :—1º En cuanto al número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, el error cometido por la Sala sentenciadora en la apreciación de las pruebas, al declarar probado por el mérito de las declaraciones de los testigos, que obran en autos, que Don Ulises Lange y Doña Margarita Avilés eran, el primero de estado viudo y la segunda soltera, al tiempo de la concepción de sus hijos Antonia y Luis Paulino, cuando nada dicen los testigos respecto de la Doña Margarita y sólo dos lo afirman respecto del Don Ulises, infringiéndose en su consecuencia los artículos 658 de la Ley procesal citada y el 1,248 del Código Civil, según los que, la fuerza probatoria de las declaraciones de los testigos debe apreciarse conforme á las reglas de la sana crítica, cuidando de evitar que por la simple coincidencia de algunos testimonios, á menos que su veracidad sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados ó algún principio de prueba escrita ; error de derecho, que es manifiesto en el presente caso, porque la simple coincidencia de las declaraciones de los testigos no puede ser bastante, tratándose de acreditar el estado civil del Sr. Lange, estado que de conformidad con lo que prescriben los artículos 325 y 327 del Có-

digo Civil, sólo podía comprobarse con las actas del Registro Civil, cuyas actas, en lo concerniente á aquel extremo, no hay indicación alguna de que hayan desaparecido, infringiéndose por tanto, como los anteriores, esos preceptos legales que determinan el valor de determinadas pruebas.—2.º El mismo error de derecho cometido por la Sala sentenciadora al declarar que los hijos de Margarita Avilés, tuvieron, con respecto al Sr. Lange, la posesión de estado como hijos de éste, siendo así que de los ocho testigos que han declarado, sólo el Sr. Robert nos dice que aquéllos trataban como tal padre al segundo, pero sin determinarnos él, ni ninguno de los otros, la realización de actos, por parte del Sr. Lange, que realmente demuestren que existió la mencionada posesión de modo formal, cometiéndose así otro error de derecho en la apreciación de la prueba con infracción de los artículos 658 de la Ley procesal y 1,248 y 1,253 del Código Civil.— 3.º En cuanto al número 1.º del artículo 1,690 de la Ley de Enjuiciamiento Civil, la infracción cometida en la sentencia de la Ley 11 de Toro, ó sea la 1ª, título 5.º, libro 10.º, de la Novísima Compilación, según la que, los hijos deben entenderse naturales cuando al tiempo en que nacieren ó fueren concebidos, sus padres podían casarse con sus madres justamente y sin dispensación, con tal que el padre los reconozca por sus hijos ; toda vez que no habiéndose probado que en el momento de la concepción y en el del nacimiento de los hijos de que se trata, eran el Sr. Lange y Margarita Avilés solteros y no tenían impedimento alguno para casarse sin necesidad de dispensa, ni que el Sr. Lange hubiese reconocido dichos hijos teniéndolos como suyos, que es lo que en el moderno derecho se llama la posesión de estado, ya que, según varias sentencias del Tribunal Supremo de España y entre ellas la de siete de Noviembre de mil ochocientos noventa y seis, aquella posesión ha de revelarse por actos tales, como tener el padre al hijo natural en su casa, alimentarle y educarle en tal concepto, ú otros análogos de tal valor y eficacia que

acrediten cumplidamente que el hijo ha mantenido con
aquel carácter relaciones constantes con el autor de sus días,
ó en su defecto con la familia de éste; y ya que, como agrega
otra sentencia del referido Tribunal Supremo, de veinte
y uno de Mayo del mismo año, el manifestar algunas veces
deseos de ver á un niño, obsequiarle con dádivas y revelar á
alguno de sus convecinos los lazos naturales que con él
le ligaban, no son hechos que constituyen la posesión de
estado, luego no ha podido afirmarse como se afirma en
la sentencia recurrida que los niños de que se trata son hijos
naturales del Sr. Lange, ni que hayan tenido con relación á
éste la posesión de estado de tales hijos; habiéndose por
tanto infringido la ley y doctrina legal citadas.—4º y último.
La infracción del principio jurídico *actore non probante reus
est absolvendus*, establecido como doctrina en las sentencias
del Tribunal Supremo, de veinte y uno de Enero de mil
ochocientos sesenta y siete, veinte y dos de Enero de mil
ochocientos sesenta y nueve y veinte y uno de Diciembre de
mil ochocientos ochenta y dos, ya que por no haber probado
la parte actora que el Sr. Lange no era casado ni tenía
impedimento para casarse con ella cuando fueron concebi-
dos, ó cuando nacieron los niños de que se trata, debió
desestimarse la demanda.—Visto: Siendo Ponente el Presi-
dente del Tribunal Don José S. Quiñones.—Considerando:
Que al declarar probado la Sala sentenciadora por el mérito
de las declaraciones de los testigos, que obran en autos,
que entre Don Ulises Lange y Doña Margarita Avilés
habían existido relaciones amorosas de las cuales habían
nacido dos hijos, los nombrados Antonia y Luis Paulino
á que se refiere la demanda, y á los cuales los había reco-
nocido el primero como tales hijos suyos, por actos repetidos
que inducían el reconocimiento tácito de su paternidad, no
ha infringido los artículos 658 de la ley procesal y 1,248 del
Código Civil, que se citan en los motivos 1º y 2º del recurso,
porque sometiendo dichos artículos á la apreciación discre-
cional de los Tribunales la fuerza probatoria de las declara-

ciones de los testigos sin sujeción á otros preceptos que á las reglas de la sana crítica, no se ha citado concretamente ninguna de éstas que haya sido infringida, ni se alega ningún otro motivo que desvirtúe la apreciación hecha por la Sala sentenciadora de la prueba testifical que obra en los autos, toda vez que el artículo 1,248 del Código Civil, que se cita como infringido, al disponer que los Tribunales apreciarán la fuerza probatoria de las declaraciones de los testigos conforme á lo establecido en la Ley de Enjuiciamiento Civil, cuidando de evitar que por la simple coincidencia de algunos testimonios, á menos que su veracidad sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados ó algún principio de prueba escrita, no contiene en su cláusula final disposición alguna de carácter preceptivo, sino una simple recomendación, que ni siquiera es aplicable en el presente caso, puesto que si bien el reconocimiento de los hijos naturales suele hacerse por documentos públicos, en otra multitud de casos dejan los padres de cumplir aquel deber en ninguna forma expresa y en estas circunstancias sería injusto privar á los hijos del derecho de reclamar su paternidad, por cuyo motivo la jurisprudencia anterior al Código Civil tenía establecido que el reconocimiento del padre exigido por la ley 11 de Toro, para que el hijo fuera tenido como natural, no era necesario que fuera expreso, bastando el reconocimiento tácito, siempre que se acreditara por alguno de los medios probatorios que reconocía el derecho.—Considerando: En cuanto á la infracción, que también se alega, de los artículos 325 y 327 del Código Civil, que si bien la demandante no se cuidó de acreditar su estado civil y el de Don Ulises Lange en la forma que. requieren dichos artículos para justificar la aptitud legal en que se hallaban para contraer matrimonio en la fecha de la concepción de sus hijos Antonia y Luis Paulino, esta circunstancia no influye para desvirtuar la justicia de la sentencia recurrida al declarar á los citados menores hijos naturales de Don

Ulises Lange, toda vez que habiendo sido planteada en la demanda la cuestión relativa á la aptitud legal de la demandante y del Don Ulises para contraer matrimonio en la fecha citada, y no habiendo sido impugnada expresamente aquella apreciación en el escrito de contestación á la demanda por la sucesión demandada, ni menos aducido sobre el particular prueba alguna en contrario, existe á favor de dichos menores la presunción legal *juris tantum* de pertenecer á la clase de hijos naturales, aun sin justificar el estado civil de sus padres en la forma que requieren los precitados artículos del Código Civil, con arreglo á la doctrina jurídica proclamada por el Tribunal Supremo de España en sentencias de doce de Noviembre de mil ochocientos cincuenta y ocho y once de Octubre de mil ochocientos ochenta y dos, según la que, probada la paternidad por el que aspira á la declaración de hijo natural, como sucede en el presente caso, no necesita acreditar que sus padres en el momento de la concepción ó del parto podían casarse justamente y sin dispensación, porque este extremo se presume mientras no se justifique lo contrario, por cuya razón tampoco puede estimarse como infringido el artículo 1,253 del Código Civil que se cita en el segundo motivo del recurso.—Considerando: Que debiendo mantenerse, por los fundamentos expuestos, las declaraciones que contiene el 5º Considerando de la sentencia recurrida respecto á la filiación de los expresados menores, no se han infringido por la Sala sentenciadora, al declararlos hijos naturales de Don Ulises Lange, ni la ley 11 de Toro, ó sea la 1ª título 5º, libro 10º, de la Novísima Compilación, ni las doctrinas y principios jurídicos que se invocan en los dos últimos motivos del recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por la sucesión de Don Ulises Lange, á la que condenamos en las costas; y con devolución de los autos, comuníquese esta resolución al Tribunal de Distrito de Mayagüez, á los efectos procedentes.—Así por esta nuestra

sentencia, que se publicará en la Colección de Sentencias de este Tribunal, lo pronunciamos, mandamos y firmamos.

Jose S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y siete de Octubre de mil novecientos dos.— Antonio F. Castro, *Secretario.*